THE DENTE LAW FIRM
MATTHEW S. DENTE (SB# 241547)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 550-3475
Facsimile: (619) 342-9668
matt@dentelaw.com

ROBBINS UMEDA LLP
BRIAN J. ROBBINS (SB# 190264)
CONRAD B. STEPHENS (SB# 266790)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsumeda.com
cstephens@robbinsumeda.com

MESERVY LAW, P.C.
LONDON D. MESERVY (SB# 216654)
120 C Ave., Suite 120
Coronado, CA 92118
Telephone: (858) 779-1276
Facsimile: (866) 231-8132
london@meservylawpc.com

Attorneys for Plaintiff Marcus Gillespie
and for Members of the Class and Subclasses

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS GILLESPIE, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP,<br><br>        Defendant. | Case No.  12-CV-01214-W-BGS<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY WAGES, INCLUDING MINIMUM WAGES;**<br><br>**(2) FAILURE TO PAY OVERTIME WAGES;**<br><br>**(3) FAILURE TO PROVIDE MEAL PERIODS;**<br><br>**(4) FAILURE TO PROVIDE REST PERIODS;**<br><br>**(5)  FAILURE TO TIMELY PAY WAGES DUE;**<br><br>**(6) FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS; AND**<br><br>**(7) UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Markus Gillespie ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendant Time Warner Entertainment-Advance/Newhouse Partnership ("Time Warner" or "Defendant") as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 USC § 1332, in that the estimated damages involved will exceed $5,000,000 and the parties to this action are residents of different states.

2.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Time Warner has offices, conducts business, and can be found in the Southern District of California, and the causes of action set forth herein have arisen and occurred in part in the Southern District of California.

3.      Venue is proper in this Court because Plaintiff and, upon information and belief, one or more of the Defendant, reside, transact business, or have offices in this county and the acts or omissions alleged herein took place in this county.

**PARTIES**

4.      Plaintiff Markus Gillespie is, and at all times mentioned in this complaint was a resident of San Diego County, California.  Mr. Gillespie was an employee of Time Warner Cable from in or about June 2009 through in or about December 2011.

5.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein Time Warner was licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Time Warner did and continues to transact business throughout California.

6.      Whenever in this complaint reference is made to any act, deed, or conduct of Time Warner, the allegation means that Time Warner engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Time Warner.

- 1 -

1

## CLASS ACTION ALLEGATIONS

2       7.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all

3 other persons similarly situated, and thus, seeks class certification under California Code of Civil

4 Procedure §382.

5       8.    All claims alleged herein arise under California law for which Plaintiff seeks

6 relief as authorized by California law.

7       9.    The proposed class is comprised of and defined as:

8

9 Any and all persons who are or were employed as field technicians or equivalent positions, however titled, by Defendant in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this

10 lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

11 Plaintiff's proposed first subclass is comprised of and defined as:

12 All Class Members whose employment was terminated at any time within three (3) years prior to the filing of the complaint in this action until resolution of this

13 lawsuit (hereinafter collectively referred to as the "Waiting Time Subclass").

14 Plaintiff's second proposed subclass is comprised of and defined as:

15 All Class Members who were employed by Defendant at any time within one year prior to the filing of this complaint until resolution of this lawsuit

16 (hereinafter collectively referred to as the "Paystub Subclass").

17 The Waiting Time Subclass and the Paystub Subclass are collectively referred to

18 as the "Subclasses."

19      10.    There is a well-defined community of interest in this litigation and the members

20 of the Class and Subclasses are easily ascertainable as set forth below:

21       a.   <u>Numerosity</u>:  The members of the Class and Subclasses are so numerous

22 that joinder of all members of the Class and Subclasses would be unfeasible and impractical.

23 The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however,

24 the Class is estimated to be greater than one hundred (100) individuals, and the Subclasses are

25 estimated to be greater than fifty (50) individuals, and the identity of such membership is readily

26 ascertainable by inspection of Defendant's employment records.

27       b.   <u>Typicality</u>:  Plaintiff is qualified to, and will fairly and adequately protect

28 the interests of each member of the Class and Subclasses with whom they have a well-defined

- 2 -

1  community of interest.  Plaintiff's claims herein alleged are typical of those claims which could
2  be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the
3  relief which would be sought by each member of the Class and/or Subclasses in separate actions.
4  All members of the Class and/or Subclasses have been similarly harmed by being denied wages,
5  including premium and minimum wages, due to Defendant's policies and practices that affected
6  each member of the Class and/or Subclasses similarly.  Further, Defendant benefited from the
7  same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

8       c.  Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect
9  the interests of each member of the Class and/or Subclasses with whom he has a well-defined
10 community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges
11 that he has an obligation to make known to the Court any relationships, conflicts, or differences
12 with any member of the Class and/or Subclasses.  Plaintiff's attorneys and the proposed counsel
13 for the Class and Subclasses are versed in the rules governing class action discovery,
14 certification, litigation, and settlement and experienced in handling such matters.  Other former
15 and current employees of Defendant may also serve as representatives of the Class and
16 Subclasses if needed.

17      d.  Superiority:  The nature of this action makes the use of class action
18 adjudication superior to other methods.  A class action will achieve economies of time, effort,
19 judicial resources, and expense compared to separate lawsuits.  The prosecution of separate
20 actions by individual members of the Class and/or Subclasses would create a risk of inconsistent
21 and/or varying adjudications with respect to the individual members of the Class and/or
22 Subclasses, establishing incompatible standards of conduct for the Defendant, and resulting in
23 the impairment of the rights of the members of the Class and/or Subclasses and the disposition of
24 their interests through actions to which they were not parties.

25      e.  Public Policy Considerations:  Employers in the state of California violate
26 employment and labor laws every day.  Current employees are often afraid to assert their rights
27 out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions
28 because they believe their former employers may damage their future endeavors through

- 3 -

1  negative references and/or other means.  The nature of this action allows for the protection of

2  current and former employees' rights without fear or retaliation or damage.

3           f.      Commonality:  There are common questions of law and fact as to the

4  Class and Subclasses that predominate over questions affecting only individual members

5  including, but not limited to:

6           1.      Whether Defendant failed to pay premium overtime compensation to

7  Plaintiff and Class Members for hours Plaintiff and Class Members worked in excess of eight (8)

8  hours per day and/or forty (40) hours per week, and double time wages for work over twelve (12)

9  hours in a day;

10          2.      Whether Defendant's failure to pay premium overtime compensation,

11 without abatement or reduction, in accordance with the California Labor Code ("Labor Code")

12 was willful;

13          3.      Whether Defendant failed to pay legally required minimum wage for all

14 hours worked, including time spent traveling in Defendant's vehicles;

15          4.      Whether Defendant's failure to pay legally required minimum wage for all

16 hours worked was willful;

17          5.      Whether Defendant's practice of computing Plaintiff's Class Members'

18 regular rate of pay for the purposes of paying premium compensation owed violates California

19 law;

20          6.      Whether Defendant failed to implement a valid 4/10 alternative work

21 week in accordance with California law;

22          7.      Whether Defendant failed to pay double time to Class Members working a

23 4/10 alternative work week schedule where those Class Members worked over eight (8) hours on

24 a day other than one of the four (4) days within the alternative workweek schedule;

25          8.      Whether Defendant's failure to pay premium overtime compensation,

26 without abatement or reduction, in accordance with the California Labor Code was willful;

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

9. Whether Defendant failed to provide meal periods and rest breaks in accordance with Labor Code §512 and the applicable Industrial Welfare Commission ("IWC") wage order;

10. Whether Defendant failed to record meal periods in accordance with the applicable IWC wage order;

11. Whether Defendant failed to pay wages in accordance with the timing requirements of Labor Code §§201 and 202;

12. Whether Defendant failed to pay Plaintiff and members of the Waiting Time Subclass all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendant's employ;

13. Whether Defendant failed to provide Plaintiff and members of the Paystub Subclass with itemized wage statements in accordance with the wage reporting requirements of the Labor Code, including, but not limited to, §226;

14. Whether Defendant's conduct was willful and/or reckless;

15. Whether Defendant engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.; and

16. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violations of California law.

## **FACTUAL ALLEGATIONS**

11. Defendant employed Plaintiff and other persons in the capacity of field technicians or equivalent positions with similar job duties, however titled, throughout California.

12. Defendant employed Plaintiff as a field technician from in or about June 2009 through in our about December 2011.

13. Defendant continues to employ field technicians, or individuals in equivalent positions with similar job duties, however titled, throughout the state of California.

14. The Defendant's field technicians work(ed) in non-exempt, non-managerial positions.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is and was

- 5 -

1   advised by skilled lawyers and other professionals, employees, and advisors with knowledge of

2   the requirements of California's wage and employment laws.

3       16.     During the relevant time frame, before Plaintiff and Class Members "scheduled"

4   start times, Defendant required Plaintiff and Class Members to log on to their laptop computers

5   from home, log into an account, and look up their route and work site address provided by

6   Defendant.  Defendant failed to pay Plaintiff and the Class Members for this time worked.

7       17.     During the relevant time frame, before Plaintiff's and Class Members' "scheduled"

8   start times, Plaintiff and Class Members were required to load equipment into a Time Warner

9   van at their home.  Defendant failed to pay Plaintiff and the Class Members for this time worked.

10      18.     During the relevant time frame, after Plaintiff and Class Members had looked up

11  their daily route and loaded their equipment in Time Warner vans, Plaintiff and Class Members

12  would drive to their first stop of the day.   Defendant failed to pay Plaintiff and the Class

13  Members for this time worked.

14      19.     While traveling to their first location in Defendant's van, Plaintiff and Class

15  Members were not allowed to conduct personal business and were under control of Defendant.

16  Plaintiff and Class Members were not compensated for this required travel time worked.

17      20.     During the relevant time frame, once Plaintiff and Class Members reached their

18  first job site for the day they clocked in by calling Defendant using a cellular phone.

19      21.     During the relevant time frame, Plaintiff and Class Members were specifically

20  instructed not to clock in until they arrived at their first work site for the day.

21      22.     During the relevant time frame, Defendant tracked Plaintiff and Class Members

22  travel time from home to their first work site through an electronic sensor that recorded when the

23  ignition in the Time Warner vans assigned to Plaintiff and Class Members was turned on and off.

24      23.     During the relevant time frame, Defendant would compare Plaintiff's and Class

25  Members' ignition on and off times to the times they were clocking in and out.

26      24.     During the relevant time frame, Plaintiff and Class Members were specifically

27  instructed to clock out once their last job was completed, but before they began their return travel

28  in a Time Warner van.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

25.     During the relevant time frame, Plaintiff and Class Members were not allowed to conduct personal business on their return travel and were under Defendant's control.

26.     During the relevant time frame, once Plaintiff and Class Members arrived home they were required to unload Defendant's expensive equipment and tools from Defendant's vans and secure this equipment and tools for the evening.  Defendant failed to pay Plaintiff and the Class Members for this time worked.

27.     During the relevant time frame, once Plaintiff and Class Members had unloaded Defendant's vans at their homes they were required to plug in Defendant's handheld devices and charge them for the evening.

28.     During the relevant time frame, after Plaintiff and Class Members plugged in the hand held devices, they were required to turn on their computers, log in, and complete reports required by Defendant.  Defendant failed to pay Plaintiff and the Class Members for this time worked.

29.     In sum, during the relevant time frame, Plaintiff and Class Members consistently performed work off-the-clock without compensation, including when they logged on to check their daily route, loaded and unloaded their equipment, drove to their first work site of the day in Defendant's vans and under Defendant's control, drove home in Defendant's vans and under Defendant's control after their last work site of the day, when they logged on their computer to perform reports, and while they performed reports from home after they had finished field work for the day.  This off-the-clock work was performed as a result of common policies applicable to all Class Members.  Defendant knew that this work was being performed by all Class Members without compensation.

30.     During the relevant time frame, Plaintiff and Class Members worked over eight (8) hours in a day and forty (40) hours in a work week, but were not paid premium overtime wages for that work, as required under California law.

31.     When Defendant did pay overtime and double time to Plaintiff and Class Members, they failed to include production bonus pay and supplemental pay when computing Class Members' regular and corresponding overtime rates.

32.     Through use of this regular rate computation, Plaintiff's and Class Members' regular rate, and thereby overtime compensation, was artificially (and unlawfully) reduced.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendant knows, should know, knew and/or should have known that Plaintiff and the other Class Members were entitled to receive minimum wages as well as premium wages for overtime compensation and that it was not paying Class Members' required minimum wages and/or proper overtime wages in accordance California law.

34.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant knew that it had a duty to compensate Plaintiff and Class Members premium wages for overtime worked, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to Plaintiff and Class Members that they were properly denied wages, all in order to increase Defendant's profits.

35.     Defendant's field technicians are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the Labor Code and the implementing rules and regulations of the IWC Wage Orders.

36.     Plaintiff and Paystub Subclass Members were not issued wage statements that complied with California Labor Code §226's requirements.   Among other things, the wage statements provided to Paystub Subclass Members failed to properly report: actual hours worked, all applicable hourly rates in effect during the pay period payment rates, and correct net and/or gross hours.

37.     The wage statements issued to Plaintiff and Paystub Subclass Members also contained a check date that was before the pay period end date.

38.     Defendant will no doubt continue these illegal practices until such time as it is forced to pay Plaintiff and Paystub Subclass Members penalties in compliance with Labor Code §226(e).

39.     Plaintiff and Class Members were not provided rest periods for work periods of four (4) hours or major fractions thereof or meal periods for work days in excess of five (5)

- 8 -

1  and/or ten (10) hours-and were not compensated with an hour's wages in lieu thereof-in violation

2  of Labor Code §§226.7, 512, and applicable IWC Wage Orders.

3      40.    During the relevant time frame, Plaintiff and Class Members were required to

4  work more than ten (10) hours without being provided a second duty-free meal period of at least

5  thirty (30) minutes.

6      41.    During the relevant time frame, Plaintiff and Class Members were permitted to

7  work more than twelve (12) hours without being provided a second duty-free meal period of at

8  least thirty (30) minutes.

9      42.    During the relevant time frame, Plaintiff and Class Members were not informed

10  of their right to take a second meal period when working more than ten (10) hours in a workday.

11      43.    During the relevant time frame, Plaintiff and Class Members were systematically

12  denied meal periods and rest breaks due to the demands of Defendant and Defendant's clients

13  and a policy and practice of failing to advise Class Members of such rights and failing to take

14  any affirmative action to provide, or authorize and permit, such breaks.  Nevertheless, Defendant

15  never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of

16  pay as required by California law where meal periods and rest breaks were not provided.

17  Defendant failed to track hours worked or meal period start/end times in violation of the

18  applicable wage order.  Plaintiff and Class Members were not provided lawful meal and rest

19  periods, and were not provided with an hour's wages in lieu thereof, in one or more of the

20  following manners: (i) employees were required to work through their daily meal period(s), take

21  late meal periods, or take less than a thirty (30) minute uninterrupted meal period, or work an

22  unlawful "on-duty meal period"; and (ii) employees were severely restricted in their ability to

23  take a meal period.

24      44.    Plaintiff is informed and believes, and thereon alleges, that Defendant know,

25  should know, knew, and/or should have known that Plaintiff and Class Members were entitled to

26  receive premium wages for overtime compensation, minimum wages for all hours worked under

27  Labor Code §§1194, 1194.2, 1197, 510 and the IWC wage orders, and premium wages under

28  Labor Code §226.7 for no and/or non-compliant meal periods and rest breaks, but Defendant

- 9 -

1  failed to provide such compensation.

2       45.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

3  mentioned, Defendant knew that it had a duty to compensate Plaintiff and Class Members

4  premium wages, and that Defendant had the financial ability to pay such compensation, but

5  willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to

6  Plaintiff and Class Members that they were provided all their wages, all in order to increase

7  Defendant's profits.

8                          **CLASS ACTION CLAIMS**

9                              **COUNT I**
                 **FOR FAILURE TO PAY WAGES, INCLUDING MINIMUM WAGES**
10                    **By Plaintiff and Class Against Defendant**

11      46.    Plaintiff repeats and incorporates herein by reference each and every allegation

12  set forth above, as though fully set forth herein.

13      47.    At all relevant times, California Labor Code §1197 provides that the minimum

14  wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the

15  payment of a lesser wage than the established minimum is unlawful.

16      48.    At all times relevant, Plaintiff and Class Members worked off-the-clock and were

17  not paid for all hours that they worked.

18      49.    At all times relevant, Defendant regularly failed to pay minimum wage to Plaintiff

19  and Class Members as required.   Defendant's failure to pay Plaintiff and Class Members

20  minimum wages as required violates California Labor Code §1197.

21      50.    Plaintiff and Class Members are entitled to recover the unpaid balance of their

22  minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to California

23  Labor Code §1194 and liquidated damages in an amount equal to the wages unlawfully unpaid

24  and interest thereon pursuant to California Labor Code §1194.2.

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## COUNT II
## FOR FAILURE TO PAY OVERTIME WAGES

### By Plaintiff and Class Against Defendant

51.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

52.    At all times relevant, the IWC Wage Orders applicable to Plaintiff's and Class Members' employment by Defendant provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of two times his or her regular rate of pay.

53.    California Labor Code §510 codifies the right to overtime compensation at the rate of time-and-one-half the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

54.    At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

55.    During the relevant time frame, Plaintiff and Class Members worked more than eight (8) but less than ten (10) hours on one or more of the four (4) days within the alternative workweek schedule but were not compensated at an overtime rate for those hours.

56.    Furthermore, even under an alternative work week arrangement, work in excess of twelve (12) hours a day, and work over eight (8) hours on a fifth day where there is a 4/10 schedule must be paid at double time. At all relevant times, the applicable IWC Wage Order provided as follows:

> "All work performed in excess of 12 hours per day and any work in excess of eight (8) hours on those days worked beyond the regularly scheduled number of workdays established by the alternative workweek agreement shall be paid at double the employee's regular rate."

- 11 -

Wage Order 4-2001 at Section 3(B)(2).  Similarly, Labor Code §511 provided as follows:

"An overtime rate of compensation of no less than double the regular rate of pay of the employee shall be paid for any work in excess of 12 hours per day and for any work in excess of eight hours on those days worked beyond the regularly scheduled workdays established by the alternative workweek agreement."

57.    At times relevant, Plaintiff and Class Members often worked more than twelve (12) hours in a workday but were not paid double time in accordance with California Law.

58.    At times relevant, Plaintiff and Class Members worked in excess of eight (8) hours on those days beyond the regularly scheduled workweek established by the alternative workweek agreement without the payment of overtime for those hours.

59.    At all times relevant, Defendant failed to properly pay overtime wages owed to Plaintiff and Class Members.

60.    At all times relevant, Plaintiff and Class Members regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the overtime requirements of the applicable IWC Wage Orders and the California Labor Code.

61.    Defendant's failure to pay Plaintiff and Class Members the unpaid balance of premium overtime compensation violates the provisions of California Labor Code §§510 and 1198 and the applicable IWC Wage Orders and is therefore unlawful.

62.    Accordingly, Defendant owes Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the overtime wages owed.

63.    Pursuant to California Labor Code §1194, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## COUNT III
## FOR FAILURE TO PROVIDE MEAL PERIODS

### By Plaintiff and Class Against Defendant

64.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

- 12 -

65.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

66.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendant, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.  Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendant and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with meal periods and were not relieved of all duties during any meal periods Plaintiff and Class Members did take.

67.     For the four (4) years preceding the filing of this lawsuit, Defendant failed to provide Plaintiff and Class Members, in their roles as field technicians, or equivalent positions with similar job duties, however titled, first and sometimes the second meal breaks of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendant.  In addition, Defendant failed to record meal periods for Plaintiff and Class Members in accordance with the applicable IWC wage order.  As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

68.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided.

- 13 -

## COUNT IV
## FOR FAILURE TO PROVIDE REST PERIODS

### By Plaintiff and Class Against Defendant

69.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

70.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendant:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages.

Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Defendant was required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendant, Defendant failed and refused to authorize and permit Plaintiff and Class Members, in their roles as field technicians, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

71.     For the four (4) years preceding the filing of this lawsuit, Defendant failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendant and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

72.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

- 14 -

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**COUNT V**
**FOR FAILURE TO TIMELY PAY WAGES DUE**

**By Plaintiff and Waiting Time Subclass Against Defendant**

73.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

74.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

75.     During the relevant time period, Defendant willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and members of the Waiting Time Subclass their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendant's employ.  Premium and minimum wages were improperly unpaid, but upon separation Defendant also failed to pay earned and calculable wages due and owing within the time frame specified by Labor Code §§201-202.

76.     Defendant's willful failure to pay Plaintiff and Waiting Time Subclass Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendant's employ, violates Labor Code §§201-202.

77.     As a result, Defendant are liable to Plaintiff and members of the Waiting Time Subclass for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

- 15 -

## COUNT VI
## FOR FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

### By Plaintiff and Paystub Subclass Against Defendant

78.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

79.    Section 226(a) of the Labor Code sets forth reporting requirements for employers when they pay wages:

> Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

80.    Defendant intentionally failed, and continue to fail to furnish Plaintiff and members of the Paystub Subclass, complete and accurate wage statements upon each payment of wages in violation of Labor Code §226(a).  Plaintiff and members of the Paystub Subclass were injured and damaged by these failures because, among other things, these failures led them to believe that they were not entitled to be paid wages for overtime and minimum wage, although

- 16 -

they were so entitled.  Defendant's failure to comply with Labor Code §226(a) also hindered Plaintiff and members of the Paystub Subclass from determining the amounts of wages actually owed to them.

81.     Among other things, the wage statements provided to Plaintiff and Paystub Subclass Members failed to properly report: actual hours worked, all applicable hourly rates in effect during the pay period, payment rates, and correct net and/or gross hours.

82.     The wages statements issued to Plaintiff and Paystub Subclass Members contained a check date that was before the pay period end date.

83.     Defendant will no doubt continue these illegal practices until such time as it is forced to pay penalties in compliance with Labor Code §226(e).

84.     Plaintiff and the Paystub Subclass Members are entitled to recover statutory penalties, interest, and attorneys' fees and costs pursuant to Labor Code §226(e).

## COUNT VII
## FOR UNFAIR COMPETITION

### By Plaintiff and Class Against All Defendant

85.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

86.     Defendant's conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendant's competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

87.     Defendant's policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

88.     A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law.  In the instant case, Defendant's policy and practice of failing to pay Plaintiff and Class Members overtime and minimum wages, as well as to provide them with meal and rest periods, over the past four (4) years violates Labor Code §§1198, 1197, 1197.1, 1194, 510, 511, 512, 226.7, and the applicable IWC wage orders.

- 17 -

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

89.     Plaintiff and Class Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

90.     Pursuant to California Business and Professions Code §17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of the Original Complaint in this Action; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclasses; and

4.     That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

### On Count I

1.     For compensatory damages in an amount equal to the amount of unpaid wages owed to Plaintiff and Class Members;

2.     For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.     For reasonable attorneys' fees and costs pursuant to Labor Code §1194 and liquidated damages pursuant to Labor Code §1194.2; and

4.     For such other and further relief as the Court deems proper.

### On Count II

1.     For compensatory damages in an amount equal to the amount of unpaid overtime and double time compensation owed to Plaintiff and Class Members;

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

2.      For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3.      For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4.      For such other and further relief as the Court deems proper.

On Count III

1.      For one (1) hour of premium pay for each day in which a required meal period was not provided; and

2.      For such other and further relief as the Court deems proper.

On Count IV

1.      For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2.      For such other and further relief as the Court deems proper.

On Count V

1.      For statutory penalties pursuant to Labor Code §203;

2.      For pre-judgment interest for wages untimely paid; and

3.      For such other and further relief as the Court deems proper.

On Count VI

1.      For statutory damages measured at $50 for the first violation, and $100 for every subsequent violation, pursuant to Labor Code §226(e);

2.      For reasonable attorneys' fees and costs pursuant to Labor Code §226(e);

3.      For statutory interest; and

4.      For such other and further relief as the Court deems proper.

On Count VII

1.      That Defendant pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failures to pay minimum and overtime wages over the last four (4) years in an amount according to proof;

2.      That Defendant pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failures to pay premium wages for meal and/or rest periods that were not

- 19 -

1   provided to Plaintiff and Class Members over the last four (4) years in an amount according to
2   proof;

3          3.      For pre-judgment interest on any unpaid overtime wages due from the day that
4   such amounts were due;

5          4.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to
6   recover under the Labor Code and California Code of Civil Procedure §1021.5;

7          5.      For costs of suit incurred herein that Plaintiff and Class Members are entitled to
8   recover under the Labor Code ; and

9          6.      For such other and further relief as the Court deems proper.

10                          **DEMAND FOR JURY TRIAL**

11         Plaintiff and members of the Class and Subclasses request a jury trial in this matter.

12  Dated: June 28, 2012

13                                      THE DENTE LAW FIRM
14                                      ROBBINS UMEDA LLP
                                        MESERVY LAW, P.C.
15

16                                      By: _____
17                                         CONRAD B. STEPHENS, ESQ.
                                        Attorneys for Plaintiff Markus Gillespie
18                                      and for Members of the Class and Subclasses

19

20

21

22

23

24

25

26

27  746646

28
                                        - 20 -
            FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES